# Exhibit A

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANDO PEREZ, HERBER BORLAND on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-CV-02297 |
| CRISTO PALLETS SERVICES, INC. d/b/a CRISTO PALLET SERVICE, and ALFONSO ESTRADA, JR, individually, | ) ) ) ) | Judge: Hon. Robert M. Dow, Jr. Magistrate: Hon. Daniel G. Martin |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

NOW COME Defendants CRISTO PALLETS SERVICES, INC. d/b/a CRISTO PALLET SERVICE, and ALFONSO ESTRADA, JR, individually (hereinafter the "Defendants"), by and through their attorneys, FORNARO LAW, and for their Memorandum of Law in Support of Defendants' 12(B)(6) Motion To Dismiss Plaintiff's Complaint, respectfully state as follows:

### INTRODUCTION

Plaintiffs have failed to plead facts sufficient, even under the Federal notice pleading standard, to support the causes of action which they attempt to allege. Further, Plaintiffs request for a putative class must fail since the Plaintiffs cannot meet the elements of Fed.R.Civ.P 23 since the Plaintiffs have not plead facts sufficient to establish either numerosity or commonality. Therefore, the Plaintiffs' attempt to plead a complaint for class action must fail. Finally, Armando Perez is not a proper class representative since he has proven to be deceitful in his

1

personal dealings. For all of these reasons, and the reasons set forth below, the Plaintiffs' Complaint must be dismissed.

## LEGAL STANDARD:

A motion to dismiss tests the sufficiency of the complaint. *Healthcare Compare Corp. Sec. Litig. v. Healthcare Compare Corp.,* 75 F.3d 276, 279 (7th Cir.1996). All well-pleaded facts are taken as true, all reasonable inferences are drawn in favor of the plaintiff and all ambiguities are resolved in favor of the plaintiff. *Mallett v. Wisconsin Div. of Voc. Rehab,* 130 F.3d 1245, 1248 (7th Cir.1997). However, "a complaint which consists solely of conclusory allegations that are unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics Corp.,* 47 F.3d 872, 875 (7th Cir.1995). *See also Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 1999 WL 274546,*5 (7th Cir., May 5, 1999). The court will not strain to find inferences that do not appear from the face of the complaint. *Lindgren v. Moore,* 907 F.Supp. 1183, 1186 (N.D.Ill.1995).

## ARGUMENT:

### I. Plaintiffs' Complaint Must Be Dismissed for Failure to Plead Facts Sufficient to State a Cause of Action

The Plaintiffs have failed to allege the facts necessary to support their causes of action. Although the Federal Courts employ notice pleading, the Plaintiffs are still obligated to plead facts sufficient to establish their claims. The Plaintiffs may not rely on conclusions of fact to solely support their causes of action. Fed.R.Civ.P 8 governs the pleading standard in all civil actions and proceedings in the United States District Courts. Pursuant to Rule 8 a plaintiff must plead sufficient *non-conclusory* facts to support a plausible claim for relief. *Fed.R.Civ.P 8.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further

2

factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). Further, "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007). "A district court must retain the power to insist upon some specificity before allowing a potentially massive fact controversy to proceed." *Id* at 558.

Here, Plaintiffs' Complaint purports to allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter, the FLSA"); the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (hereinafter, the "IMWL"); and the Illinois Wage Payment and Collection Act, 201 ILCS § 115/4 (hereinafter, the "IWPCA"). However, Plaintiffs have failed to allege the most basic facts necessary to support their cases of actions.

A review of the Complaint indicates that the Plaintiffs have failed to allege how much the putative class was actually paid per hour. Absent this information, it is impossible to determine whether the putative class members were paid the federal or state minimum wage. Additionally, Plaintiffs fail to allege how much they should have been paid per hour. Instead, Plaintiff makes the blanket assertion that, "Defendants did not pay Plaintiff or the class members at least the minimum wage for certain house worked in excess of forty (40) hours." *See* Plaintiffs' Complaint ¶ 31. Further, Plaintiffs make no allegation as to whether the pay rate for these individuals changed over the applicable statutory time periods. Finally, Plaintiffs fail to describe the method by which the putative class members were paid (i.e. piecemeal, hourly, salaried). Absent these fundamental facts, it is impossible to state the Plaintiffs' causes of action.

Plaintiffs also fail to allege how many hours each member of the putative class allegedly worked in excess of the forty (40) hour maximum, and for what periods of time. Plaintiff wishes

3

to receive full compensation for the three years prior to this action. However, the Plaintiff's Complaint is devoid of allegations that the putative class worked in excess of 40 hours per week for the entirety of the applicable statutory time periods. The only statement that the Plaintiffs make is that the class representatives "worked 6 days per week for approximately 56 hours..." *See* Plaintiffs' Complaint ¶ 17. This is clearly a conclusion of fact and this conclusory and vague language is insufficient under the federal pleading standards to state a cause of action pursuant to the FLSA, the IMWL or the IWPCA.

Additionally, Plaintiff fails to sufficiently plead commonality and numerosity and accordingly Plaintiffs' request for class certification must be denied. Similar to Plaintiffs failure allege facts sufficient to state a cause of action, Plaintiff has also failed to allege facts sufficient to support its request for class certification. Specifically, Plaintiff has made no allegations that the alleged violations of the FLSA, the IMWL or the IWPCA extend to the entire class, nor has plaintiff provided a class estimate to support its claim of numerosity. As discussed more fully below, Fed.R.Civ.P 23 governs class certification in Federal cases. As Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 23 their request for class certification must be denied. Accordingly, Plaintiffs' Complaint must be dismissed with Prejudice.

**II.  Plaintiffs' Claims Under Fed.R.Civ.P. 23 Must Be Dismissed Because Plaintiffs Cannot Meet the Numerosity Requirement for Certification of a Putative Class**

Rule 23 (hereinafter "Fed.R.Civ.P. 23") of the Federal Rules of Civil Procedure governs class certification determinations. It requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

The Plaintiffs' class action must be dismissed since the plaintiffs cannot meet the numerosity requirement for class certification. Plaintiffs have failed to allege within their Complaint either an exact or estimated number of individuals that would fall under the putative class and would satisfy the numerosity requirement under Fed.R.Civ.P 23. Fed.R.Civ.P. 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable." A party seeking class certification cannot rely on "mere speculation or conclusory allegations" as to the size of the putative class *Butler v. Am. Cable & Tel.*, LLC, 2011 U.S. Dist. LEXIS 115506, 13, 2011 WL 4729789 (N.D. Ill. Oct. 6, 2011). Although there is no bright line test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1). *Butler v. Am. Cable & Tel., LLC*, 2011 U.S. Dist. LEXIS 115506, 13, 2011 WL 4729789 (N.D. Ill. Oct. 6, 2011); *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (40 sufficient); *Markham v. White,* 171 F.R.D. 217, 221 (N.D.Ill. 1997) (35 – 40 sufficient); *Hendricks-Robinson v. Excel Corp.,* 164 F.R.D. 667, 671 (C.D.Ill. 1996) (38 sufficient); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D.Ill. 1986); *Edmondson v. Simon,* 86 F.R.D. 375, 379 (N.D.Ill. 1980) ("when the class is large, numbers alone are dispositive" of numerosity issue). The Plaintiffs bear the burden of demonstrating the impracticability of joinder. *Vickery v. Jones,* 856 F.Supp. 1313, 1328 (S.D.Ill. 1994), *aff'd,* 100 F.3d 1334 (7th Cir. 1996), *cert. denied,* 117 S.Ct. 1553 (1997); *Long v. Thornton Township High School District 205, Cook County, Ill.,* 82 F.R.D. 186, 189 (N.D.Ill. 1979). Plaintiffs' have not alleged a class large enough to satisfy class certification. Plaintiffs only allegation regarding numerosity is that the Defendant has employed "two or more employees who may have handled goods which have moved in interstate commerce." *See Paragraph 10 of Plaintiffs Complaint.* In fact, any putative class in this matter would only be 5 members. A 5 member class does not preclude joinder.

5

Accordingly, the Plaintiffs have not satisfied the numerosity requirement of Fed.R.Civ.P. 23. Therefore, the Plaintiff's actions based upon Fed.R.Civ.P. 23 must be dismissed with prejudice.

### III. Plaintiffs' Claims Under Fed.R.Civ.P. 23 Must be Dismissed Because Armando Perez is an Inappropriate Class Representative

Armando Perez is an inappropriate class representative since he has demonstrated dishonesty by using a false name and social security number. Armando Perez's real name is Wilfrido Perez. Armando Perez is Wilfrido Perez's deceased father. Upon information and belief, Wilfrido Perez is using his deceased father's name and social security number to work within the United States. A Defendant may challenge the ability of a class representative to maintain their fiduciary duty to a putative class. Rule 23(a)(4), Fed. R. Civ. P. 23(a)(4), does warrant inquiry into the personal characteristics of an individual representatives. The class representatives must themselves meet certain standards of "forthrightness" and "vigor." *Hernandez v. United Fire Ins. Co.*, 79 F.R.D. 419, 423, 1978 U.S. Dist. LEXIS 16459, 1, 26 Fed. R. Serv. 2d (Callaghan) 42 (N.D. Ill. 1978); *ABRAMS v. HOUSEHOLD FIN. CORP.*, 1980 U.S. Dist. LEXIS 17796, 7-8 (N.D. Ill. Apr. 1, 1980)(the cases in which putative class representatives have, because of this type of inquiry, been deemed inadequate class representatives have focused on their *honesty*, sincerity and willing participation in the prosecution of the lawsuit)(Emphasis added); *Odmark v. Mesa Ltd. Partnership*, 1992 U.S. Dist. LEXIS 16789, 17, Fed. Sec. L. Rep. (CCH) P96,866 (N.D. Tex. June 5, 1992)(inquiry into the personal characteristics of the proposed representative is proper in determining the adequacy of representation).

WHEREFORE, for the foregoing reasons, Defendants, CRISTO PALLETS SERVICES, INC. d/b/a CRISTO PALLET SERVICE, and ALFONSO ESTRADA, JR., respectfully request that the Court enter an order:

A. Dismissing Plaintiffs' Complaint with prejudice;

B. Denying Plaintiffs' request for class certification,

C. Denying Armando Perez's request to be named a class representative;

D. Granting Defendants attorneys' fees, costs and expenses for the defense of this action; and

E. Granting such other and further relief that the Court deem just and proper.

Dated: June 9, 2014.

Respectfully submitted,
/s/ Philip M. Fornaro
One of the attorneys for Defendants,
CRISTO PALLETS SERVICES, INC. d/b/a
CRISTO PALLET SERVICE, and ALFONSO
ESTRADA, JR.

Philip M. Fornaro, Esq. (6229260)
Mark A. Scarlato, Esq. (6276792)
Charles R. Topping, Esq. (6270745)
**FORNARO LAW**
1022 South LaGrange Road
LaGrange, Illinois 60525
(708) 639.4320 – Telephone
(708) 390.0665 – Facsimile